### WOOSTER AND WOOSTER v. PARSONS.

When an action is brought before any court of inferior and limited jurisdiction, the declaration ought to aver expressly, that the cause of action arose within the jurisdiction of the court.

ERROR from the City Court in Middletown.    The defendant in error brought his action on a promissory note, dated at New Haven the 7th day of June, 1784, before the City Court in Middletown, and obtained judgment by default.    Errors assigned,

1. That it appears by the records, that said note was executed before the city of Middletown was incorporated, and before the granting the charter incorporating the same; said charter of incorporation being granted by the general assembly, holden at Hartford on the second Thursday of May, 1784; which assembly was sitting at the time when said note was executed.

2. That said note was not executed within the limits of said city of Middletown, but in the town of New Haven: And the cause of action did not arise within the limits of the city of Middletown.

3. That it doth not appear by said record, that said note was executed in said city of Middletown, but that the same was executed without the limits of said city.

The defendant in error demurred specially, and for cause assigned, that said writ contains an assignment of errors both in law and in fact, which, cannot be joined in one writ of error:    For, it is assigned for error, that said note was executed before the incorporation of. said city of Middletown; and also that said note was not executed within the limits of said city, but in the town of New Haven:    Both which are assignments of errors in fact, not appearing on the record, and triable only by issues in fact.    And the plaintiffs further assign, that it does not appear by the record, that said note was executed in said city of Middletown, but that the same was executed out of the limits of said city. Which is an assignment of error in law, and triable only by issue in law.

Second, The defendant in error, by protestation that said facts, by the plaintiffs in error assigned, are not true, saith, that said errors in fact contain only the substance of a plea to the jurisdiction of said City Court, which the plaintiffs in error ought by law to have pleaded and excepted against before said City Court, and having then waived the same, they cannot by law assign said matters in error; and that said errors assigned are in contradiction of the record.

Third, That said assignment of error in law, alleging that it does not appear by said record that said note was executed in said city of Middletown, but that the same was executed out of the limits of said city, is an allegation contrary to said record, and cannot by law be assigned in error.

Fourth, That no matter or thing, in said writ of error assigned, is sufficient to warrant the reversal of said judgment.

On argument of this case, by Mr. Parsons and Mr. Trumbull, for the defendant in error, and by Mr. Ingersoll and Mr. Chauncey, for the plaintiffs, judgment was reversed.

Wooster et al. v. Parsons.

By DYER, SHERMAN and PITKIN, JJ.

1. When an action is brought before any court of limited and inferior jurisdiction, the declaration ought to aver expressly, that the cause of action arose within the jurisdiction of the court (2 Ld. Raym. 1310); and the place should be particularly alleged: Neither of which was done with sufficient certainty in the present case. The note on which, etc., is alleged to have been executed in the city aforesaid; the city of New Haven, and the city of Middletown, having been both before mentioned, therefore, uncertain to which the reference was intended. See Coke on Littleton, 20, a. "If a lease for life is made to A. remainder in tail to B. remainder to C. *informa praedicta*, the remainder to C. is void for uncertainty." 2 Ld. Raym. 886-890. Judgment arrested for a like uncertainty. This author makes a distinction between *praedicta*, and some other relative terms, which he supposes commonly refer to the last antecedent; but that the rule admits of many exceptions.[*] If such an uncertain reference would render a grant void, which would be supported, if by any reasonable construction it could be made certain, it must *a fortiori* be fatal to a declaration, which is to be construed most strongly against the declarant. 3 Salk. 199; Hard. 77; Dyer, 17. If the note has been executed in the city of Middletown, the allegation ought to have been "in the city of Middletown aforesaid, within the jurisdiction of the said court."

---

[*] The reason of the distinction is, that aforesaid may with propriety relate to any term, that has been before used in the same instrument or writing, however remote; but the other relative terms there mentioned, can only relate to some word in the same sentence.

2. The note on which, etc., is dated the 7th of June, 1784, and the session of the legislature at which the law was enacted, for incorporating the city of Middletown, ended the 11th of the same June, as appears of record: And, therefore, the cause of action arose before the jurisdiction of the city of Middletown commenced; for laws in this state are not in force till the end of the session in which they are passed, unless by special provision in the statute; for during the whole of the session, they are subject to alteration, or to be totally negatived and not entered on record; whereas after the end of the session, they become matters of record, and cannot be altered or repealed, but by a new act passed and recorded: Nor would it be reasonable that people should be affected by laws before they are published, which is not done (except in special instances) before the rising of the legislature.

3. As to the exception in the defendants' plea, that errors in law and errors in fact are joined in the writ, the plaintiffs have assigned no facts in error, upon which they rely, but such as appear of record: And an assignment of errors in fact, not properly assignable, together with sufficient errors in law, will not vitiate the writ.

Therefore, the judgment of the City Court was reversed.

LAW, C. J., and ELLSWORTH, J., dissenting. As to the first exception in error, " that the plaintiff, in the original suit, has not alleged, with sufficient certainty, that the cause of action arose within the city of Middletown."

The averment is, that " the note was executed within the city aforesaid." And the city of Middletown was the next antecedent. And the rule in pleadings, as in grammar, is, that relation must always be to the next antecedent, unless the sense hinders; which in this instance cannot be pretended.

Wooster et al. v. Parsons.

Hardress, 77; 3 Salkeld, 199. It has formerly been held by some that *praedictum* was of less certain relation than *idem;* but there appears no reason for the distinction, and it hath not been kept up. And in Rhodes and Coles case, 2 Ld. Raym. 886, which turned upon the reference of *praedictum* or aforesaid, Chief Justice Holt held it must be to the next antecedent; and the case was finally adjudged according to his opinion. Certainty, to common intendment, is sufficient in support of a judgment; for *semper presumiter pro sententia.* And though formerly the courts of Westminster Hall would presume nothing in favor of inferior jurisdictions, or the regularity of their proceedings, of late years they have presumed liberally in support of them. 1 Ld. Raym. 80 — and Cowper, 18.

With regard to the second exception, " that the cause of action arose before the city of Middletown was incorporated."

The act of incorporation, as appears from the journals of the house of assembly, passed and was completed the 24th day of May, fourteen days preceding the date of the note: And it was afterwards revocable only as every statute is, by a concurrence of both branches of the legislature. And although had it been a penal or mandatory act, it would not have so had effect as to become obligatory on the citizens of the state at large, until they had had means of the knowledge of it, which ordinarily would not have been till the rising of the assembly, and the return of their representatives; yet being in nature of a grant, and there being no time mentioned therein when it should begin to take effect, it took effect immediately; and the jurisdiction it gave of suits, where the cause of action " should arise," etc., has relation to the time of the act's passing; unless, according to the British rule of construing statutes in such

cases, it shall, in amplification of the grant or authority, have relation to the first day of the session in which it passed. 1 Roll. Abr. 465; 4 Inst. 25, 27; Hob. 309. As to the objection to this construction of the act, that it may subject causes to the decision of a forum which the parties, at the time the cause of action arose, did not contemplate — it is of very little weight; as it does not affect the rule or principles of the decision: And it has been always disregarded by the legislature in the institution of new courts; even where they have gone so far as to change the mode of trial from a jury to a single minister, as in the late enlargement of the jurisdiction of justices of the peace.

It appears, therefore, to us from the record, that the cause of action arose within the jurisdiction of the City Court; both in point of time and locality; and that that court did not err in taking cognizance of the cause.